Trustee Court United States Bankruptcy Court
for the Northern District of Illinois, Eastern Division

| | | |
|---|---|---|
| IN RE:  Lindeman, Gregory J | ) | Case No.  09 B 31573 |
| | ) | Judge John H. Squires |
| | | Date   06/02/10 |

Debtor Attorney:

Stitt, Klein, Daday, Aretos & Giampietro
2550 W Golf Rd
Rolling Meadows, IL  60008

Gregory J. Lindeman
1133 W Farewell #2
Chicago, IL  60626

Mail

Mail

---

### Notice of Payment of Final Mortgage Cure Amount
### NOTE: Please refer to the confirmed plan to see if this notice applies to you.

1) The Trustee's records indicate that in the above case the pre-petition mortgage arrears claim of Chase Home Finance; Account No: 8687; in the amount of $320.04 has been paid in full.

2) The holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of postpetition obligations.

3) If the debtor has failed to make timely payments of any postpetition obligations, the holder is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the standing trustee, the debtor, and any attorney for the debtor, within 60 days of service of the notice from the trustee (or longer time as the court may order).

4) If the holder fails to file and serve a statement of outstanding obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the trustee's notice.

5) If the holder does serve a statement of outstanding obligations within the required time, the debtor may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the holder and the standing trustee, with the court resolving the challenge as a contested matter, or
(ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines to be due.

6) To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the debtors through the modified plan, the right of the holder to collect these amounts will be unaffected.

7) No liability shall result from any nonwillful failure of the trustee to serve the notice required.

Office of the Chapter 13 Trustee
Suite 800
224 South Michigan Avenue
Chicago, IL  60604-2500
(312) 431-1300

Creditor Address:

Chase Home Finance
Attn PP-G7 Bankruptcy Payment Processing
3415 Vision Dr
Columbus, OH  43219

Mail